AETNA LIFE INSURANCE CO. *v.* KEYSER.

(Decided April 13, 1934.)

*Mr. C. W. Elliott,* for the motion.

*Messrs. Frost & Jacobs* and *Mr. C. J. Petzhold,* against the motion.

HAMILTON, P. J. The matter before this court is on a motion to dismiss the petition in error, on the claimed ground that no proper service of summons was made upon Mary E. Keyser, the defendant in error.

The summons on its face commanded the sheriff to serve "C. W. Elliott, attorney defendant in error has been sued * * *." The return states:

"* * * Received this writ January 26th, 1934, at 2 o'clock, P. M. Pursuant to its command on the 26th day of January, A. D., 1934, I served the same by leaving a true copy thereof, with the indorsements thereon, at the usual place of residence of the said C. W. Elliott, Attorney.

"(Signed)  John C. Schumacher,
Sheriff,
"By A. E. Linkins,
"Deputy."

The summons was indorsed with the number and title of the case: "No. 610, Butler County, Aetna Life Insurance Co., Plaintiff in error, vs. Mary E. Keyser, a minor, etc., Defendant in error."

The certificate of the sheriff is indorsed with a certificate that the copy served on the attorney was a true copy of the original writ with the indorsements thereon.

It is contended that no place on the face of the summons does it appear who the defendant in error is; that it, therefore, became a service alone on an attorney, without designating for whom he was attorney; that the word "attorney" was merely *descriptio personae,* and that, therefore, the service was a nullity, and that the effect was to serve C. W. Elliott personally.

Section 12259, General Code, provides:

"The proceedings to obtain such reversal, vacation, or modification shall be by petition in error filed in a court having power to make the reversal, vacation or modification * * *. Thereupon a summons shall issue and be served or publication made, as in the commencement of an action. A service on the attorney of record in the original case shall be sufficient. The summons shall state that a petition in error has been filed in the case."

We have, therefore, in the instant case, the filing of the petition in error, causing summons to issue, and service on the attorney of record in the original case. The summons states that the defendant in error has been sued, etc. The summons shows that C. W. Elliott was attorney for the defendant in error, and the record so shows. The sheriff's return is that he served C. W. Elliott, Attorney. Had the summons on its face incorporated the word, "for", after the name, "C. W. Elliott, attorney", the summons would have read "Notify C. W. Elliott, attorney for defendant in error." The omission of the word "for" is a mere technical omission, and, since it appears clearly from the record that C. W. Elliott was the attorney of record in the original case, the service was good, and the motion to dismiss the petition in error is overruled.

*Motion to dismiss overruled.*

Ross, J., concurs.